# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANDRE J. JOHNSON,** | : | **CIVIL NO. 3:14-CV-1743** |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| **DOMINICK DEROSE, DEPUTY** | : | |
| **WARDEN NICHOLS, LEONARD,** | : | |
| **Defendants** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

Andre J. Johnson ("Johnson"), an inmate incarcerated at the Dauphin County Prison ("DCP"), filed this civil rights action on September 8, 2014 (Doc. 1), naming as defendants Warden Dominick DeRose ("DeRose"), Deputy Warden Nichols ("Nichols"), and Deputy Warden Leonard ("Leonard"). Presently pending is defendants' motion (Doc. 17) to dismiss Johnson's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Because Johnson has failed to file an opposition brief, the motion is deemed unopposed. See M.D. Pa. L. R. 7.6. For the reasons set forth below, the motion will be granted.

## I.  Standards of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all [factual] allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)).

Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice and pleading rules require the complaint to provide "the defendant notice of what the . . . claim is and the grounds upon which it rests." Phillips v. Cty. of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To test the sufficiency of the complaint in the face of a Rule 12(b)(6) motion, the court must conduct a three-step inquiry. See Santiago v. Warminster Twp., 629 F.3d 121, 130-31 (3d Cir. 2010). In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)). Next, the factual and legal elements of a claim should be separated; well-pleaded facts must be accepted as true, while mere legal conclusions may be disregarded. Id.; see also Fowler v. UPMC Shadyside, 578 F.3d 203, 210–11 (3d Cir. 2009). Once the well-pleaded factual allegations have been isolated, the court must determine whether they are sufficient to show a "plausible claim for relief." Iqbal, 556U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 555 (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"). A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

**II.     Allegations of the Complaint**

Johnson alleges that the physical condition of DCP, specifically the kitchen, is a "huge health hazard." (Doc. 1, p. 2). He alleges that the conditions in the bathroom and shower raise health concerns. (Id. at 3). He also contends that inmates are denied access to the law library. (Id.) Finally, he avers that officers intimidate inmates with violence. (Id.) He is seeking compensatory and injunctive relief. (Id. at 3, 4).

**III.    Discussion**

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. See 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

Id.; see also Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

Under the Prison Litigation Reform Act of 1996 (the "PLRA"), a prisoner is required to pursue all avenues of relief available within the prison's grievance system before bringing a federal civil rights action concerning prison conditions. See 42

U.S.C. § 1997e(a); Booth v. Churner, 206 F.3d 289, 291(3d Cir. 2000). It has been made clear that the exhaustion requirement is mandatory. See Williams v. Beard, 482 F.3d 637, 639 (3d Cir. 2007); see also Booth, 532 U.S. at 741 (holding that the exhaustion requirement of the PLRA applies to grievance procedures "regardless of the relief offered through administrative procedures"); Nyhuis v. Reno, 204 F.3d 65, 67 (3d Cir. 2000) (same). This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).

DCP's grievance procedure requires an inmate to follow four steps: (1) the submission of a grievance for review and determination by the Warden; (2) an appeal of the warden's decision to the Chairman of the Dauphin County Prison Board of Inspectors; (3) an appeal of the Chairmans decision to the full Dauphin County Prison Board of Inspectors; and (4) an appeal from the Prison Board's decision to the Dauphin County Solicitor. (Doc.18-2, p. 2). Review of the administrative review documents attached to defendants' brief reveals that the only grievance Johnson filed concerned the cancellation of law library without notice on May 5, 2014. On May 14, 2014, Johnson was notified that his grievance was considered resolved because the law library session that was cancelled on May 5, 2014, was rescheduled to May 9, 2014, and Johnson failed to attend the rescheduled session. (Doc. 18-4). Johnson did not appeal the denial and, hence, did not exhaust the administrative review process

with respect to this issue.  Further, Johnson failed to utilize the administrative review process with respect to any of the other allegations contained in the complaint. Because he failed to pursue all avenues of relief available within the prison's grievance system before bringing this action, the complaint is subject to dismissal.

### III.   Conclusion

Based on the foregoing, defendants' motion (Doc. 17) to dismiss plaintiff's complaint is deemed unopposed and granted.

An appropriate order will enter.

**BY THE COURT:**

**s/James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**

Dated:        April 27, 2015